IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TATYANNA MILLINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| MID RIVER RESTAURANTS, LLC ) | |
| d/b/a APPLEBEE'S ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. At all times relevant herein, Plaintiff, Tatyanna Milliner (hereinafter "Milliner"), was and is a resident of Warren County, Missouri and a citizen of the United States of America. She was employed at the Applebee's located in Warren County, Missouri.

2. At all times relevant herein, Defendant Mid River Restaurants, LLC was and is a limited liability company organized and existing under the laws of the State of Missouri. It operates several Applebee's restaurants, to include but not be limited to the one located in Warrenton, Missouri.

3. The adverse employment action Millner suffered as set forth in more detail below occurred in the City of Warrenton, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

4. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.* and § 213.010 *et seq.* R.S.Mo. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

7. Milliner began her employment with Defendant in 2013 as an hourly worker. This was the only job she held (starting at age 16) until her wrongful discharge in 2021.

8. In 2019, Milliner was promoted to the managerial position of Front House Manager, making her responsible for the servers, bar area, host area, and car side service.

9. Milliner reported to Defendant's general manager, who was not always on site. The general manager reported to the area director.

10. Milliner is African American. Both her managers are Caucasian.

11. At the time of her termination, Milliner was the only African American employee employed at the Warrenton Applebee's. Upon information and belief, other African American employees quit because of the racially hostile way they were treated by Caucasian customers, tolerated by management. By way of example, one employee quit after a Caucasian customer complained that he did not want that ni--er waiting on him.

12. Milliner worked as the Front House Manager from the time of her promotion in 2019 through November 8, 2021, without major issue or problem, until on or about October 29, 2021, when a Causcasian cook called her a ni--er. That same day, Milliner learned that the cook had been calling her a ni--er behind her back for some time.

13. Milliner reported the cook calling her a ni--er to her general manager the same day.

14. On or about November 6, 2021, Milliner was evaluated by her general manager. Her general manager told Milliner that everything was going well. She was not told that there were any issues or problems with her performance.

15. Later that same evening (November 6, 2021), Milliner sent her general manager a text that she did not know how much more of the cook she could take because he continued to make racial remarks.

16. On November 8, 2021, Milliner was terminated by Defendant through its area director, who told her that she had been told numerous times to clean up her poor performance but had failed to improve.

17. Milliner had not been told numerous times to clean up her poor performance. As set forth in paragraph 14 above, just days before, she was told she was performing well as the Front House Manager.

18. Milliner was treated differently and less favorably than other employees at the Warrenton Applebee's who did not complain about racist comments, who were not fired when they worked drunk or high on drugs, sold drugs in the Applebee's parking lot, and/or relabeled expired food so that it could be sold to customers, all of which Milliner (or others reported), which was ignored by management. Milliner's general manager told her not to write-up subordinates who engaged in this conduct.

19. Milliner filed a timely Charge of Discrimination with the EEOC and Missouri Commission on Human Rights.

20. Milliner was issued a Right to Sue Letter by the EEOC on May 24, 2022. She was issued a Right to Sue Letter by the Missouri Commission on Human Rights on June 13, 2022.

21. Milliner engaged in protected activity when she complained to her supervisor about the racist remarks being made by the cook.

22. After making these complaints on October 29 and November 6, 2021, Milliner

3

was fired by Defendant on November 8, 2021.

23. Defendant's termination after she complained about the racist remarks being made by the cook would persuade a person in the same or similar circumstances not to challenge illegal discrimination by Defendant.

24. Defendant would not have fired Milliner but for her complaints about the racist remarks being made by the cook and/or her complaints were a motivating factor in her termination by Defendant.

25. The actions, policies and practices complained of herein were in violation of Milliner's rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq.*

26. As a direct and proximate result of the acts of the Defendant as alleged herein, Milliner has suffered and continues to suffer lost wages and other benefits of her employment.

27. As a direct and proximate result of the acts of the Defendant as alleged herein, Milliner has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

28. Defendant's conduct as set forth herein was wanton, willful, and showed a reckless indifference to Milliner's statutory rights as set forth above, justifying an award of punitive damages against the Defendant to punish it and to deter it and others from the same or similar misconduct in the future.

29. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against it appropriate under the Missouri Human Rights Act to punish it and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Tatyanna Milliner prays this Court enter judgment in her favor and against the Defendant and thereafter order Defendant to make her whole by awarding her damages for her lost wages and other benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against the Defendant in such sum as will serve to punish it and deter it and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the circumstances.

Respectfully submitted,

**PETRUSKA LAW, LLC**

By:     /s/ Lynette M. Petruska
Lynette M. Petruska, Bar No. 41212
lpetruska@att.net
1291 Andrew Dr.
Glendale, MO 63122
314-954-5031

Attorney for Plaintiff